IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN PABLO REVELO SALCEDO § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20cv735 |
| § | CRIMINAL ACTION NO. 4:15cr155(6) |
| UNITED STATES OF AMERICA § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Juan Pablo Revelo Salcedo filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a careful review of the record, the court recommends the § 2255 motion be denied and the case be dismissed with prejudice.

I. BACKGROUND

On May 15, 2017, Movant signed a plea agreement in which he pled guilty to Count One of the First Superseding Indictment – conspiracy to possess with the intent to manufacture and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Crim. ECF (Dkt. #214). Movant stipulated in the written plea agreement that the conspiracy involved 450 kilograms or more of a mixture or substance containing a detectable amount of cocaine. *Id*. at 3. Based on a total offense level of 33, combined with a criminal history category of I, the Presentence Report ("PSR") set a guideline imprisonment range of 135 to 168 months. Crim. ECF (Dkt. #312 at 12). On December 13, 2017, the District Court sentenced Movant to 168 months' imprisonment. Crim.

ECF (Dkt. #317). Movant filed a direct appeal, and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011) on May 10, 2019. Crim. ECF (Dkt. #499). Furthermore, the United States Supreme Court denied Movant's petition for writ of certiorari on October 7, 2019. Crim. ECF (Dkt. #502).

Movant filed the present § 2255 motion on September 19, 2020, the date he states he placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of petition for determining the effective date of the AEDPA limitations deadline depends on the date the prisoner delivered his papers to prison authorities for filing). He claims he is entitled to relief because he did not understand the waiver in his plea agreement, his offense level was incorrectly calculated, the District Court failed to consider relevant factors at sentencing, and his attorney was ineffective. The Government filed a Response (Dkt. #12), asserting Movant's issues are barred or are without merit. Movant did not file a Reply.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a

2

habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III. WAIVER

Movant claims he did not understand the waiver provision contained in his plea agreement. The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The Fifth Circuit held that a waiver might not be enforceable against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). It also held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983)

Movant's plea agreement contains the following waiver:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceedings, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Crim. ECF (Dkt. #214 at 5). Additionally, the plea agreement states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with

3

>   defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id*. at 6-7. Movant's signed plea agreement also states:

>   I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*Id*. at 8. Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." *Id*. at 5. Consequently, any allegation that the guilty plea was not knowingly or voluntarily made is contradicted by Movant's signed plea agreement.

Furthermore, a review of the transcript from Movant's plea hearing shows that he had a full and fair opportunity to discuss the facts of the case and any defenses he may have with Counsel. Crim. ECF (Dkt. #404 at 8). The Fifth Circuit has held that solemn declarations in open court carry a strong presumption of verity. *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Where the record establishes that the defendant understood the nature of the charge against him and the consequences of his act, the rudimentary demands of a fair proceeding and a knowing and voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

In this case, Movant testified that he had the opportunity to discuss the federal sentencing guidelines with Counsel and how the guidelines might be applied to his case. Crim. ECF (Dkt. #404 at 12-13). He also understood that the District Judge would determine his sentence and that she would look to, but was not bound by, the Federal Sentencing Guidelines. *Id*. at 12. He understood that his Guideline range would not be determined until after the Presentence Report ("PSR) was

completed. *Id*. at 13.  Movant stated he understood he was waiving the right to appeal or seek collateral review except for two very limited circumstances. *Id*. at 18-19.  He also said that his waiver was voluntary, and that he fully understood the provisions of the plea agreement. *Id*. at 19-20. He stated, "Everything is totally clear, Your Honor." *Id*. at 20.  Movant further confirmed that it was his signature on the Factual Basis, that it was translated into his language, and that he fully understood everything in it. *Id*. at 22-23.  After a brief discussion concerning the meaning of the word, "supply," the court was assured that there was a factual basis for Movant's plea of guilty. *Id*. at 25-27.  The court asked Movant again if he had any questions concerning the Factual Basis. He responded, "It's all very clear, Your Honor." *Id*. at 27.  The Magistrate Judge found that Movant was competent to enter his plea, he had assistance of counsel, he was advised of the charge against him and the range of penalties he faced, he understood the fact that the Sentencing Guidelines are discretionary, his guilty plea was knowing and voluntary, and the guilty plea had a factual basis. *Id*. at 28.

In sum, Movant's plea was knowing and voluntary.  He was aware of the rights he was waiving and those he retained; accordingly, the plea must be upheld on federal review. *Diaz,* 718 F.2d at 1376-77.  This issue is without merit.

## IV.  SENTENCING

Movant claims that the District Court miscalculated his offense level because it was based on the calculation of the total amount of drugs in the conspiracy.  This issue, however, is not preserved for review pursuant to Movant's written plea agreement in which he pled guilty.  Movant is not claiming his sentence exceeded the statutory maximum or that counsel was ineffective in this matter – the two claims he reserved for review. *See* Crim. ECF (Dkt. #214 at 5).  As noted above, Movant's plea was knowing and voluntary; thus, the waiver contained in his plea agreement must

5

be enforced. *Diaz,* 718 F.2d at 1376-77. Accordingly, Movant's issue concerning miscalculation of his offense level is waived.

Even if the claim was not waived, Movant stipulated to 450 kilograms of cocaine in his plea agreement. Crim. ECF (Dkt. #214 at 3). Further, the District Court's technical application of the Sentencing Guidelines does not give rise to a constitutional issue. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings). This issue is waived.

Movant further complains that, at his sentencing, "the District Court failed to give meaningful consideration to the Parsimony Principle, Section 3553 and all those factors consistent." (Dkt. #1 at 8). The court notes that this issue is also waived because Movant does not claim his sentence exceeded the statutory maximum or that Counsel was ineffective in this matter – the two claims he reserved for review. *Diaz,* 718 F.2d at 1376-77. Even if it was not waived, the record contradicts the assertion. At Movant's sentencing hearing, the District Judge stated:

> Pursuant to the Sentencing Reform Act of 1984, having considered the factors noted in 18 U.S.C. Section 3553(a), and after having consulted the advisory sentencing guideline range, it is the judgment of the court that the defendant, Juan Pablo Revelo Salcedo, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 168 months on Count 1 of the first superseding indictment.
>
> The sentence is within an advisory guideline range that is greater than 24 months; and the specific sentence is imposed after consideration of the factors set forth in 18 U.S.C. Section 3553(a).

Crim. ECF (Dkt. #327 at 11). The District Judge then provided numerous facts from the case upon which the sentence was based, Crim. ECF (Dkt. #327 at 12-14), concluding that the sentence "will serve as just punishment, promote respect for the law, and deter future violations of the law[]," *id*. at 14. Additionally, the District Judge stated:

> Although the court finds the guideline calculations announced at the sentencing hearing to be correct, to the extent they were incorrectly calculated, the court would

>have imposed the same sentence without regard to the applicable guideline range in light of the factors set forth in 18 U.S.C. Section 3553(a).
>
>The court finds the top of the guidelines is appropriate because of the large quantity of cocaine involved and basically the leadership role in which this defendant played in the organization even though he didn't get enhanced for that, but I can't overlook that it's clear that he brokered things, he coordinated things, directed people. So I think that's the appropriate sentence in this case.

*Id*. at 14. Movant is entitled to no relief on these issues – they are waived and/or lack merit.

## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel because Counsel generally "failed to act as an advocate." (Dkt. #1 at 5). A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 666. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove

the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir., 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

Movant specifically asserts that Counsel was ineffective for failing to investigate and challenge or mitigate sentencing factors. (Dkt. #1 at 5). It is well-settled that Counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Movant cannot make a case for ineffectiveness by making conclusory claims based on Counsel's failure to file motions, make objections, or follow his instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007).

A review of Movant's § 2255 motion does not show what Movant believes Counsel could have found had he investigated further, or how such evidence would have changed the outcome of his case. Attached to his § 2255 motion is "Memorandum of Law in Support of Motion to Vacate Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. 2255." (Dkt. #1-1). Because so much of the information contained in the Memorandum is incorrect, it appears that this document was merely copied and pasted from another prisoner's Memorandum. For instance, it states that Movant was sentenced to 180 months' imprisonment (rather than 168 months), that his sentence was

8

enhanced because he was viewed as a "manager or supervisor" (incorrect - Movant's sentence was not enhanced on this basis, and he actually received a two-level reduction for safety valve, *see* Crim. ECF Dkt. #312 at 9), that his sentence was enhanced because he maintained a premises for the purpose of manufacturing or distributing a controlled substance (incorrect - no such offense level was added to Movant's computation, *see id.*), and that he was exposed to a "trial penalty" for exercising his right to a trial (incorrect - Movant pled guilty and waived his right to a trial). *Id*. at 3. Notwithstanding these errors, the Memorandum discussed issues that have already been discussed above, such as Movant's allegations concerning the calculation of the sentence, the misapplication of the Sentencing Guidelines, and the amount of drugs to which Movant stipulated. As shown, these issues were waived. The Movant additionally raised the following:

> At sentencing, defense counsel raised several objections to the PSR and argued for a lower sentence, but did not present any evidence regarding similarly situated defendants or Movant's likelihood for recidivism. Counsel also did not use any offense mitigation to suggest a more reasonable sentence or a departure from the guidelines should be imposed.

(Dkt. #1-1 at 8). Movant fails to meet his burden. He first concedes that Counsel argued for a lower sentence. Movant then fails to show the specific evidence Counsel would have presented or how any such evidence would have changed the outcome of his case, in mitigation or otherwise. *Gray*, 677 F.2d at 1093. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). The record shows that there was a discussion at sentencing after Counsel asked for a minimal participant role adjustment. Crim. ECF (Dkt. #327 at 4-6). The Government noted that Movant's role was not minor, pointing out that he was "a broker for the manufacture and distribution of multi-kilograms of cocaine between buyers in Mexico and Ecuador and cocaine manufacturers in Columbia." *Id.* at 5. The District Court overruled Counsel's objections, noting that "[w]ire

9

intercepts confirm extensive involvement in the conspiracy and direction of others." *Id.* at 6. The District Court continued, "And I think the report is replete with information that he acted basically in a leadership role, but he's not even getting enhanced for that. . . a minimal role is totally inappropriate here." *Id.*

In sum, Movant fails to show there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different, *Strickland*, 466 U.S. at 694. Movant also fails to show he would not have pled guilty and would have insisted on going to trial, but for Counsel's alleged deficient performance. *Hill*, 474 U.S. at 57-59. Movant is not entitled to relief based on ineffective assistance of counsel.

## VI. CONCLUSION

In conclusion, Movant's plea agreement was knowing and voluntary; accordingly, the waiver provision must be enforced. Therefore, the sentencing issues that Movant raised were waived because they were not issues that he preserved for review. Movant also fails to show that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Likewise, he fails to show there is a reasonable probability that, but for Counsel's alleged deficient performance, he would not have pled guilty, and would have insisted on going to trial. *Hill*, 474 U.S. at 57-59. Having found no merit to Movant's claims, the § 2255 motion should be denied.

## VII. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended the court, nonetheless, address whether Movant would be entitled to a certificate of appealability.

*See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VIII. RECOMMENDATION

It is recommended Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case

11

dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**SIGNED this 5th day of September, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE